UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK WERMAN, RONALD SEGUI,
WILLIAM CONNELLY, DERRICK
HEDGES, JEFF NAVES, RANDY
KATRENAK, JEFFREY PURTEE,
SCOTT REMBISZ, RICHARD SCOTT,
WAYNE TAYLOR and RAMON
REYES-TERRAZAS, On Behalf Of
Themselves and Others Similarly
Situated Persons

       Plaintiffs,

v.                                                      Case No:   2:16-cv-356-FtM-99CM

ROTONDA GOLF PARTNERS,
LLC, ROTONDA GOLF
PARTNERS II, LLC, WILLIAM
STINE and DAVID KELLY,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

     This matter comes before the Court upon a review of the Joint Motion for

Approval of Parties' FLSA Settlement and for Dismissal With Prejudice (Doc. 25)[2]

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no

filed on September 8, 2016.   The parties provided a copy of the Settlement

Agreement for the Court's review.   Doc. 25-2.   The parties request that the Court

approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and

dismiss this case with prejudice.

   To approve the settlement, the Court must determine whether the settlement

is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355

(11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or

compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for

the Secretary of Labor to supervise the payments of unpaid wages owed to employees.

*Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by

employees against their employer to recover overtime wages.   *Id.*   When the

employees file suit, the proposed settlement must be presented to the district court

for the district court's review and determination that the settlement is fair and

reasonable.   *Id.* at 1353-54.

   The Eleventh Circuit found settlements to be permissible when the lawsuit is

brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are
> likely to be represented by an attorney who can protect their rights
> under the statute.   Thus, when the parties submit a settlement to the
> court for approval, the settlement is more likely to reflect a reasonable
> compromise of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching.   If a settlement in an
> employee FLSA suit does reflect a reasonable compromise over issues,

responsibility for the availability or functionality of any hyperlink. Thus, the fact that a
hyperlink ceases to work or directs the user to some other site does not affect the opinion of
the court.

> such as FLSA coverage or computation of back wages, that are actually
> in dispute; we allow the district court to approve the settlement in order
> to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.   "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).*   Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.,* 679 F.2d at 1355.   In determining the reasonableness of a settlement, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel. *See Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

In this case, Plaintiffs Mark Werman and Ronald Segui, on behalf of themselves and others similarly situated, filed their initial complaint on May 12, 2016, and an amended complaint on June 20, 2016,[3] against Rotunda Golf Partners

---

[3] The amended complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) and was amended to remove Count III of the initial complaint, which alleged fraudulent filing of returns under 26 U.S.C. §7434(a).   Doc. 1 at 10.

LLC ("Rotunda"), Rotunda Golf Partners II LLC ("Rotunda II"), William Stine ("Stine"), and David Kelly ("Kelly") (collectively "Defendants") for alleged violations of the overtime and minimum wage provisions of the FLSA.   Doc. 1, Doc. 19.   Stine is the managing member of the golf courses owned and operated by Rotunda and Rotunda II.   Doc. 19 ¶ 3.   Kelly is the general manager of the golf courses owned and operated by Rotunda and Rotunda II.   Id.

The operative complaint alleges that Plaintiffs were employed by Defendants as grounds workers.   Id. ¶¶ 24, 25.   Plaintiffs allege that they were paid a straight time rate for all hours paid by Defendants and were not paid an overtime premium for hours worked over forty in a workweek.   Id. ¶ 35.   Moreover, Plaintiffs claim that the hours they worked in the same workweek for different golf courses operated by Rotonda and Rotonda II were not aggregated, and, consequently, they were not paid overtime at time and one-half their regular rate.   Doc. 25 at 2.   Accordingly, Plaintiffs filed this action to recover the unpaid time for hours worked in excess of forty in a single workweek.   Id.

Prior to Defendants filing an answer, the parties commenced settlement discussions and advised the Court of their settlement efforts on June 9, 2016, wherein the Defendant sought an extension to file an answer to the amended complaint.   Doc. 15.   On July 13, 2016, upon a joint motion, the Court entered an Order staying the case until October 7, 2016, so that the parties could continue to work on a framework toward a resolution of this action.   Doc. 23.

The parties now inform the Court that at all times, Defendants denied the

claims asserted in the operative complaint and relied upon several affirmative defenses, such as: (1) Plaintiffs and others similarly situated are exempt from the FLSA's overtime requirements under the "recreational establishment" exemption; (2) that Stine and Kelly were not "employers" pursuant to the FLSA; (3) that Rotonda and Rotonda II were not "single employers" or "joint employers" of Plaintiffs and others similarly situated; (4) that the claims asserted are barred by the statute of limitations; and (6) that Plaintiffs and others similarly situated are not entitled to liquidated damages because all Defendants acted in good faith and had reasonable grounds for believing that their acts did not violate the FLSA.   Doc. 25 ¶ 3. Nevertheless, to avoid the cost and risk associated with continued litigation, the parties reached an agreement at this very early stage of the litigation.   *Id.* ¶ 4.

Before finalizing an agreement, on July 15, 2016, Plaintiffs' counsel, with Defendants' consent, sent notices to thirty-six current and former maintenance employees[4] who worked for Defendants between March 2014 and July 15, 2016, advising them of the claims asserted in this action and providing them with thirty days to return an Opt-In Consent Form if they desired to join the action.[5]   Doc. 25 ¶ 5.   In addition to Plaintiffs, nine other employees[6] filed Opt-In Consent Forms, all of whom are represented by Plaintiffs' counsel.   Doc. 24.

---

[4] Although the amended complaint alleges that Plaintiffs were employed as "grounds workers," the parties' motion refers to Plaintiffs as "maintenance employees" and the Court assumes they are the same thing.   Doc. 19 ¶¶ 24-25, Doc. 25 at ¶ 1.

[5] The parties provided a copy of the Notice.   Doc. 25-1.

[6] The Opt-In Plaintiffs are William P. Connelly, Derrick M. Hedges, Jeff Naves, Randy Katrenak, Jeffrey D. Purtee, Scott Rembisz, Richard Scott, Wayne Taylor, and Ramon Reyes-Terrazas.   Doc. 24.

The parties represent that on or about May 27, 2016, Defendants[7] voluntarily sent checks totaling approximately $95,862.40 to thirty-five current and former maintenance employees, including all of the Opt-In Plaintiffs, who worked for Defendants between January 2014 and May 2016 in amounts representing the additional half-time compensation sought in this action.   Doc. 25 ¶ 7.   In addition, Werman and Segui also received checks totaling $5,460.93, which covered the additional half-time sought in this action.[8]   *Id.*   In light of these checks, the only remaining issues between the parties were amounts due for: (a) alleged liquidated damages; and (b) attorneys' fees and costs.   *Id.*   In light of their "good faith defense" with respect to liquidated damages, the parties reached an agreement that Plaintiffs and Opt-In Plaintiffs will receive "1.5 damages" on the previously paid amounts.   Doc. 25 ¶ 9.   With respect to attorneys' fees and costs, the parties separately negotiated an amount of $34,141.76.   *Id.*

To enable the parties to determine damages, Defendants state that they provided Plaintiffs' counsel with all records necessary to calculate the amounts owed to Plaintiffs and the Opt-in Plaintiffs, and the parties are in agreement with respect to the calculations.   Doc. 25 at 5 ¶ 10.   Pursuant to the terms of the agreement, Plaintiffs and the Opt-In Plaintiffs will receive: (a) overtime compensation, at time

---

[7] The parties' motion states that "Rotonda Golf Partners" without specifying whether it was Rotonda I or Rotonda II.   Doc. 25 at 4 ¶ 7.   The settlement agreement, however, releases Defendants.   Doc. 25-2 at 2-3.
[8] Exhibit A to the Settlement Agreement lists the amounts already paid to Plaintiffs and Opt-In Plaintiffs for the half-time compensation sought.   Doc. 25 ¶ 7, Doc. 25-2 at 8-9.

and one-half the applicable hourly rate, for all overtime hours worked[9] (but not yet paid) between the first pay period of March 2014 and the present; and (b) "1.5 damages" (instead of double damages).   Doc. 25 at 5-6 ¶ 10.

The parties submit that the complexity, expense and length of future litigation of this matter militated in favor of settlement, noting that they continued to disagree over the merits of claims asserted by Plaintiffs and Opt-In Plaintiffs.   *Id.* at 8.   The parties further provide that if they continued to litigate this matter, they would have had to engage in costly litigation pertaining to the various defenses asserted by the Defendants.   *Id.*   The parties state that to-date there has been sufficient investigation and exchange of information to allow counsel to make an educated and informed analysis and conclusion on their clients' behalf.   *Id.* at 9.   The parties also note that Plaintiffs' and Opt-In Plaintiffs' probability of success on the merits and any amount awarded is uncertain.   *Id.*

Based on the Court's review of the settlement agreement, the fact that all parties were represented by experienced counsel, the parties' representations, and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v.*

---

[9] The parties' motion states that "Plaintiffs' counsel secured 100% recovery of the amounts claimed by Plaintiffs and Opt-In Plaintiffs and an additional settlement penalty of 1.5 the amounts paid"; thus it appears that the only compromise was related to the liquidated damages.   Doc. 25 at 10.

*Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at \*2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount $34,141.76.   Doc. 25 at 5 ¶ 9.   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' and Opt-In Plaintiffs' recovery.   *Id.*   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 25 at 5 ¶ 9.   Thus, having reviewed the settlement agreement (Doc. 25-2), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The settlement also includes "additional premiums" to the named Plaintiffs, Werman and Segui, which the parties state "reflect[] an additional premium as compensation for time and expense incurred to prosecute this case."   Doc. 25-2 at 9. This Court previously has approved the use of incentive payments for named plaintiffs in FLSA cases.   *See e.g.*, *Heath v. Hard Rock Cafe Intern. (STP), Inc.,* 2011 WL 5877506, *4 (M.D. Fla. Oct. 28, 2011)* (approving $1,000 incentive payment for lead plaintiff); *see also Su v. Electronic Arts, Inc.,* 2006 WL 4792780, * 5 (M.D. Fla. Aug. 29, 2006)* (approving incentive payment of $10,000).   Similarly here, the Court finds the additional premiums as compensation for time and expense incurred to prosecute the case are reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      The Joint Motion to Approve Settlement (Doc. 25) be **GRANTED** and the Settlement Agreements (Doc. 25-2) be **APPROVED**; and

2.      The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record